IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHAWN K. ODNEAL | § | |
|     TDCJ-CID #917382 | § | |
| V. | § | C.A. NO. C-04-454 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

## ORDER DENYING MOTION TO AMEND COMPLAINT

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for leave to file an amended complaint. (D.E. 64). Plaintiff has also filed a proposed complaint. (D.E. 65).

Currently, plaintiff's action is going forward on his claims that his first amendment right to adequate chaplains and Native American religious ceremonies was impinged by defendants Bill Pierce, Robert Kibbe, and Ron Teel. (D.E. 7, at 7-8; D.E. 32). In his motion and his proposed complaint, plaintiff attempts to add two defendants: Doug Dretke, former director of the Texas Department of Criminal Justice, and Paul Morales, who is the head warden of the McConnell Unit. He also seeks to assert constitutional claims because he has been barred from wearing his hair in a traditional kouplock and from wearing a Native American medicine bag.

Plaintiff objects to the limitation of his ability to wear his medicine bag. Nonetheless, he acknowledges the potential security threat posed by medicine bags as well as admits that when he wears the medicine bag to and from religious ceremonies,

prison officials search it.  The Fifth Circuit has determined that Native American inmates do not have a right pursuant to the First Amendment to wear a medicine bag. Diaz v. Collins, 114 F.3d 69, 72 (5th Cir. 1997) (holding prison regulations did not substantially burden inmate's use of his medicine bag).

Plaintiff's claim regarding his medicine bag was previously considered and dismissed from this action.  Despite the authorities he cites in his motion, he has not provided legal support to raise this claim anew.  Accordingly, plaintiff's motion to amend his complaint to include a constitutional claim regarding his medicine bag is denied.

Plaintiff objects to the requirement that he cut his hair arguing that it violates his First Amendment rights.  Moreover, he asserts that as women are allowed to have long hair the requirement that he cut his short is a violation of equal protection.  The Supreme Court has explained that different regulations in different prison facility may be dictated by security concerns, including different custody levels.  See Turner v. Safley, 482 U.S. 78, 93 n.* (1987).

The Fifth Circuit has rejected an equal protection challenge by state male inmates alleging that prison regulations that allowed state female inmates to wear long hair, but barred male inmates from doing so.  Hill v. Estelle, 537 F.2d 214, 215-16 (5th Cir. 1976) (per curiam).  Additionally, other circuit courts have rejected similar

equal protection arguments as those advanced by plaintiff.  See, e.g., Campbell v. Purkett, 957 F.2d 535, 537 (8th Cir. 1992) (per curiam).  Moreover, the Fifth Circuit has determined that the state may have a compelling interest in regulations limiting the length of inmate hair based on security concerns.  Diaz, 114 F.3d at 72-73.

Plaintiff's claim regarding the prison hair regulation was previously considered and dismissed from this action.  Despite the authorities he cites in his motion, he has not provided legal support to raise this claim anew.  Accordingly, plaintiff's motion to amend his complaint to include a constitutional claim regarding the prison's hair regulations is denied.

It is well-settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*.  Beattie v. Madison County Sch. Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 694 (1978)).  The Fifth Circuit has further explained that "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."  Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (citation omitted).  Officials such as Director Dretke or Warden Morales "may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries."  Mouille v. City of Live Oak, Tex., 977 F.2d

924, 929 (5th Cir. 1992).

Plaintiff has previously stated that he was suing Mr. Dretke because he was the supervisor of the other defendants. He has failed to stated a constitutional violation against Mr. Dretke because he fails to allege any personal involvement by this defendant. Moreover, Mr. Dretke was considered as a defendant and dismissed from this action. Despite the authorities he cites in his motion, he has not provided legal support to raise this claim anew. Accordingly, his motion to amended the complaint to add Mr. Dretke as a defendant is denied.

Similarly, Mr. Morales is being sued in his supervisory capacity. Despite the authorities he cites in his motion, he has not provided legal support to assert a claim against this individual. Accordingly, his motion to amended the complaint to add Mr. Morales as a defendant is denied.

Accordingly, plaintiff's motion for leave to file an amended complaint, (D.E. 64), is DENIED.

ORDERED this 22nd day of February 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE