IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHAWN K. ODNEAL | § | |
|     TDCJ-CID #917382 | § | |
| v. | § | C.A. NO. C-04-454 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

### ORDER

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. On June 21, 2006, an order was entered granting defendants' motion for summary judgment, (D.E. 98), and final judgment was entered, (D.E. 99). On July 5, 2006, plaintiff filed a notice of appeal. (D.E. 100). Pending is plaintiff's motion for preparation and filing of the record. (D.E. 106).

Plaintiff asserts that he makes this motion pursuant to Rule 11 of the Federal Rules of Appellate Procedure. Id. Rule 11 creates a duty for plaintiff as appellant: "An appellant filing a notice of appeal must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record. If there are multiple appeals from a judgment or order, the clerk must forward a single record." Fed. R. App. P. 11(a).

It is unclear whether plaintiff has complied with Rule 10(b) of the Federal Rules of Appellate Procedure. Rule 10(b) addresses transcripts for the appellate record:

> (1) **Appellant's Duty to Order.** Within 10 days after filing

the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)(4)(A), whichever is later, the appellant must do either of the following:

    (A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:

        (i) the order must be in writing;
        (ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and
        (iii) the appellant must, within the same period, file a copy of the order with the district clerk; or

    (B) file a certificate stating that no transcript will be ordered.

(2) **Unsupported Finding or Conclusion.** If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

(3) **Partial Transcript.** Unless the entire transcript is ordered:

    (A) the appellant must–within the 10 days provided in Rule 10(b)(1)–file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;

    (B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 10 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and

    (C) unless within 10 days after service of that designation the appellant has ordered all such parts,

>and has so notified the appellee, the appellee may
>within the following 10 days either order the parts or
>move in the district court for an order requiring the
>appellant to do so.
>
>(4) **Payment.**  At the time of ordering, a party must
>make satisfactory arrangements with the reporter for
>paying the cost of the transcript.

Fed. R. App. P. 10(b).

This action was dismissed pursuant to a motion for summary judgment. Consequently, it is unclear what, if any, transcripts plaintiff seeks to include in the appellate record.  On appeal, "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f).  The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal."  Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

Accordingly, plaintiff must notify the Court what, if any, transcripts are necessary in order for him to pursue his appeal.  If he deems transcripts as necessary for his appeal, he must notify the Court which ones as well as the issues that plaintiff intends to raise on appeal and how those issues are related to the transcripts requested.

3

Plaintiff is ORDERED to provide this information within twenty days of the date of this order.

Accordingly, motion for preparation and filing of the record, (D.E. 106), is DENIED without prejudice.

ORDERED this 19th day of September 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE