IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHAWN K. ODNEAL | § | |
| | § | |
| v. | § | C.A. NO. C-04-454 |
| | § | |
| BILL PIERCE, ET AL. | § | |

## ORDER APPOINTING COUNSEL

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleged that his rights were violated by prison officials' restricting the length of his hair, limiting his wearing of a medicine pouch, and requiring that a chaplain, or qualified volunteer be present in order to hold religious ceremonies. On May 25, 2006, plaintiff's claims were dismissed and final judgment was entered. (D.E. 95, 96). Pending is plaintiff's motion for the appointment of counsel. (D.E. 113).[1]

Plaintiff appealed the dismissal of his claims as well as the denial of numerous motions for joinder filed by potential plaintiffs who are not parties to this appeal. On appeal, the Fifth Circuit affirmed the decision dismissing plaintiff's claim regarding religious ceremonies. Odneal v. Pierce, No. 06-41165, 2009 WL 901511, at *4 (5th Cir. Apr. 3, 2009) (per curiam) (unpublished). The court also affirmed the denial of the joinder motions. Id. However, the court vacated the order dismissing plaintiff's claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5 regarding the hair restrictions and the wearing of a medicine pouch. Id. at *2-4.

---

[1] Plaintiff also filed an affidavit and a memorandum in support of his motion. (D.E. 114, 115).

A district court should appoint counsel when "'exceptional circumstances'" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).  Because plaintiff's claims regarding his kouplock and his medicine pouch arguably present cases of first impression in this circuit, appointed counsel is appropriate to handle the novel legal issues that will be presented based on plaintiff's RLUIPA remanded claims.  See Sossamon v. Lone Star State of Texas, 560 F.3d 316, 324, 327-28 (5th Cir. 2009) (addressing a case of first impression involving a RLUIPA claim); see also Santana v. Chandler, 961 F.2d 514, 515-16 (5th Cir. 1992) (per curiam) (a case of first impression may constitute an "exceptional circumstance" warranting the appointment of counsel).

Accordingly, plaintiff's motion for the appointment of counsel, (D.E. 113), is now GRANTED.  Attorney Audrey Vicknair, 802 North Carancahua, Suite 1350, Corpus Christi, Texas 78470-0165, Phone: 361-888-8413, is appointed to represent plaintiff.  The Clerk shall provide Ms. Vicknair with the standard packet of information provided to lawyers appointed in civil cases and a copy of the current docket sheet.  At Ms. Vicknair's request, the Clerk shall

provide copies of any pleadings requested by counsel at no charge.

    ORDERED this 11th day of May 2009.

                                             BRIAN L. OWSLEY
                                             UNITED STATES MAGISTRATE JUDGE